United States District Court
Middle District Of Pennsylvania

Wallace Mitchell
#51443. C60
P.C. Box 7000
Florence, CO 81226. 7000

Plaintiff,

V.

FILED
SCRANTON

JAN 28 2021

PER _____
DEPUTY CLERK

Harley G. Lappin
3102 Ervin Court
Annapolis, MD 21403
(Director, Bureau Of Prisons)

And

Thomas R. Kane Director
Federal Bureau Of Prisons
320 First St, NW
Washington, DC 20534

And
Harrell M. Watts, Administrator
Federal Bureau Of Prisons
320 First St, NW

WASHINGTON, DC 20534
    AND

JONATHAN B. MAY, (AKA DOUGHNUT)
  SPECIAL AGENT
U.S. DEPARTMENT OF JUSTICE
1 BATTERY PARK PLAZA, 29TH FLOOR
NEW YORK NY 10004

        AND

BRIAN A. BLEDSOE, WARDEN,
KRISTA REAR, ASSOCIATE WARDEN,
DAVID C. YOUNG, ASSOCIATE WARDEN,
DAVID HUDSON, ASSOCIATE WARDEN,
JOHN ADAMI, UNIT MANAGER,
DEAN HOLLENBACH, UNIT MANAGER,
BRADLEY TRATE, CAPTAIN,
SEAN SNIDER, DEPUTY CAPTAIN,
MICHAEL S. ROMANO, ADVISOR,
LORI L. CUNINGHAM, LEAD ADVISOR,
FRANK PEREN, INVESTIGATOR GUARD
 PRISON GUARD, J. FOSNOT,
DAVID OLENSHESKI, MAIL GUARD,
  B. CHAMBERS, DHO,
  A. JORDAN, ASSISTANT DHO,
  DR. DANNILLE MINK PSYCHOLOGIST,
  DR.   CANNON, PSYCHOLOGIST,
  LAWRENCE KARPEN, PSYCHOLOGIST,
  KEVIN BITTENBENDER, DHO,

-2-

KEVIN PIGOS, M.D.

KENNETH ZOOK, PA-C

MARK PREORIA, PA-C

FRANCIS FASCIANA, PA

L. POTTER, EMT,

DR. CONTRI, PSYCHOLOGIST,

LT. JIM HEPNER,

LT. PEDRO CARRASSQUILLO,

LT. JIM FLEMMING,

LT. L. HUNTER,

LT. J. MATTINGLY,

LT. R. JOHNSON,

LT. J. SEEBA,

LT. R. SCAMPONE

PRISON GUARD SUZANNE HEATH

LT. A. SASSAMAN

N. NEVELS

PRISON GUARD S. PRUTZMAN,

PRISON GUARD J. WAGNER,

PRISON GUARD K.A. METZGER,

PRISON GUARD ED C. BIDDLE,

PRISON GUARD L. CRAWFORD,

PRISON GUARD C. POEFH,

PRISON GUARD M. HUMMEL,

PRISON GUARD JEFFERY SCHMIDT,

PRISON GUARD J. MALAKOSKI,

PRISON GUARD T. WAGNER, S.I.S.,

-3-

PRISON GUARD I. VARGESON,
PRISON K. GEMBERLING,
PRISON GUARD L. LYONS, T.F.S.,
PRISON GUARD MATHEW EDINGER,
PRISON GUARD D. ARCHEY,
PRISON GUARD DAVID REED,
PRISON GUARD R. SEAGRAVES,
PRISON GUARD MICHAEL HORNSBERGER,
PRISON GUARD PFLUGER, I.S.O.,
PRISON GUARD SERGIO ARGUETO,
PRISON GUARD N. DREESE,
PRISON GUARD PACKER,
PRISON GUARD COLBY ROTHERMEL,
PRISON GUARD EDWARD GHEE,
PRISON GUARD C. LYTLE,
PRISON GUARD, G. SCHULTZ,
PRISON GUARD A. McCALLUM,
PRISON GUARD E. FISHER
PRISON GUARD C. GASS
PRISON GUARD I. TRIEBLEY
PRISON GUARD DILT
PRISON GUARD BALSPACH
PRISON GUARD FOURA
PRISON GUARD KING
PRISON GUARD HEINTZELMAN

ALL OF USP-LEWISBURG,
2400 ROBERT MILLER RD.
LEWISBURG, PA 17837.1000

—4—

AND

PRISON GUARD RANDALL L. SPADE
SSN 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
RR #1, BOX 520-A
RICHFIELD, PA 17086

AND

CHARLES E. SAMUELS, SR,
ASSISTANT DIRECTOR,
FEDERAL BUREAU OF PRISONS
320 FIRST ST, N,W,
WASHINGTON, DC 20534

DEFENDANTS, *

* IN THEIR PERSONAL AND OFFICIAL CAPACITY

CIVIL COMPLAINT

I. JURISDICTION: THIS COMPLAINT IS BROUGHT
PURSUANT TO 28 U.S.C. §§ 1331-1346; 5 U.S.C. §
553; 18 U.S.C. § 4042; AND 28 U.S.C § 2672; 42
U.S.C. § 195.

II. COMPLAINT

1. ON OR ABOUT NOVEMBER 19, 2008, ON

VIOLATION OF TITLE 5 U.S.C. §§ 553 (b) & (d), DEFEN-DANTS LAPPIN, KANE, WATTS, AND SAMUELS, CONSPIRED to, AND CREATED, A PUNITIVE HOUSING STATUS WITHIN THE FEDERAL BUREAU OF PRISONS (BOP) ENTITLED THE SPECIAL MANAGEMENT UNIT (SMU), A SUPERMAXIMUM SECURITY UNIT, AND FURTHER CONSPIRED to MIS-LABEL THE UNIT NON-PUNITIVE HOUSING.

2. ON OR ABOUT APRIL 23, 2009, DEFENDANTS LAPPIN, KANE, WATTS AND SAMUELS, ORDERED AND/OR ARRANGED AND DIRECTED THAT THE PLAINTIFF BE PLACED INTO THE SMU, WITHOUT DUE PROCESS.

3. ON OR ABOUT APRIL 23, 2009, DEFENDANTS LAPPIN, WATTS, KANE AND SAMUELS, BEING FULLY AWARE THAT THE PLAINTIFF HAD STAFF AND INMATE SEPERATEES IN THE SMU, ORDERED AND ARRANGED FOR THE CENTRAL INMATE MONITORING (CIM)[1], to BE IGNORED IN REGARDS to THE PLAINTIFF, AND FOR PLAINTIFF to BE HOUSED WITH KNOWN ENEMIES, WITH THE SPECIFIC INTENT OF CAUSING THE WRONGFUL DEATH OF THE PLAINTIFF IN VIOLATION OF THE RIGHT to BE FREE OF CRUEL AND UNUSUAL PUNISHMENT AND IN VIOLATION OF TITLE 18 U.S.C. § 4042 & 18 U.S.C. § 241.

---

[1] THE CIM, IS A PROGRAM WITHIN THE BOP COMPUTER AND A POLICY, THAT PROHIBITS PERSONS WITH SEPERATEE ISSUES FROM EVER BEING HOUSED IN THE SAME FACILITY TOGETHER OR COMING IN CONTACT WITH ONE ANOTHER.

AND 18 U.S.C. § 242. AS A RESULT, PLAINTIFF WAS ATTACKED AND ASSAULTED ON SEVERAL OCCASIONS, SUFFERING MULTIPLE INJURIES, AS DESCRIBED BELOW.

4. DEFENDANTS LAPPIN, KANE, BLEDSOE, REAR, YOUNG, HUDSON, SAMUELS, ADAMI, HOLLENBACH, TRATE, SNIDER, ROMANO, CUNINGHAM, PERRIN, FOSNOT, CHAMBERS, JORDAN, BITTENBENDER, HEPNER, CARRASCQUILLO, FLEMING, HUNTER, MATHENLY, JOHNSON, SEEBA, SCAMPONE, HEATH AND SASSAMAN CONSPIRED TO HAVE INMATES THE PLAINTIFF HAD PREVIOUSLY IDENTIFIED AS ENEMIES FORCED INTO THE PLAINTIFF'S CELL, AND ORDERED ENEMIES INTO THE PLAINTIFF'S CELL, WITH THE EXPRESSED INTENT THAT THE PLAINTIFF AND THE ENEMIES WILL ASSAULT AND/OR KILL ONE ANOTHER, IN THESE PREARRANGED GLADIATOR TYPE BATTLES, IN VIOLATION OF THE EIGHTH AMENDMENT AND 18 U.S.C. § 4042, § 241 § § 242, CAUSING THE PLAINTIFF TO SUFFER MULTIPLE INJURIES, AS DESCRIBED BELOW.

5. DEFENDANTS LAPPIN, KANE, WATTS, SAMUELS, BLEDSOE, REAR, YOUNG, HUDSON, ADAMI, HOLLENBACH, TRATE, SNIDER, ROMANO, CUNINGHAM, PERRIN, JORDAN, HEPNER, CARRASQUILLO, FLEMING, HUNTER, MATHENLY, JOHNSON, SEEBA, SCAMPONE, HEATH, AND SASSAMAN, DESIGNED AND MAINTAIN THE SMU IN A MANNER WHICH SEVERELY LIMITS HUMAN CONTACT, PRO-HIBITS CONVERSATION WITH OUTSIDE VISITORS; LIMITS CON-VERSATION FROM CELL TO CELL; BURNS THE LIGHT IN CELLS CONTINUOUSLY FOR TWENTY-FOUR (24) HOURS A DAY; DOES NOT PERMIT DAILY EXERCISE; PLACEMENT IN SMU

is INDEFINITE; AND NO REVIEWS OF STATUS ARE CONDUCTED; THERE ARE NO EDUCATIONAL PROGRAMS; PLACEMENT IN SMU ADVERSELY AFFECTS PAROLE ELIGIBILITY AND THE ABILITY TO EARN GOOD TIME CREDITS, ALL IN VIOLATION OF THE SIXTH AND EIGHTH AMENDMENTS, AND 18 USC § 4042, WITH- OUT DUE PROCESS, AND FURTHER RESULTED IN AN UNCONSTI- TUTIONAL LENGTHENING OF PLAINTIFFS SENTENCE, BEGINNING MAY 11, 2009, AND CONTINUING TO DATE.

6. ON OR ABOUT NOVEMBER 19, 2009, AND CONTINUING TO DATE, DEFENDANTS LAPPIN, KANE, SAMUELS, BLEDSOE, REAR YOUNG, HUDSON, ADAMI, HOLLENBACH, TRATE, SNYDER, ROMANO, CUNNINGHAM, PERRIN, POSNOT, OLENSHECKI, CHAMBERS, KARPEN, PIGOS, NEVELS, EDINGER, GASS, POTTER, HEPNER, HUNTER, MATTINGLY, JOHNSON, SEEBA, SCAMPONE, HEATH, SASSAMAN, PRUTZMAN, WAGER, T. WAGNER, METZGER, BIDDLE, CRAWFORD POETH, HUMMEL, SCHMIDT, MALAKOES, VARGESON, GEMBERLING, LYONS, ARCHEY, REED, SEAGRAVES, SPADE, MOENSBERGER, PFLUGER, ARGUETO, BREESE, PACKER, ROTHERMEL, GHEE, LYTLE, SCHULTZ, MCCALLUM, FISHER, GASS, TRIEBLEY, DILT, BALSPACH, ECURA, HEINTZELMAN AND KING CONSPIRED TO DEPRIVE THE PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS BY IGNORING AND VIOLATING ALL PREVIOUS SETTLED LAW AND VALIDLY PROMULGATED RULES AND REGULATIONS, REGARDING OPERATIONS OF A MAXIUM SECURITY SEGREGATION UNIT WITHIN THE BOP, WITH THE SPECIFIC INTENT OF CAUSING HARM TO THE PLAINTIFF, AND THE HOPES THAT NEW LITIGATION WOULD BE INITATED TO

change settled law, Actions which include, but are not limited to; refusing to Accept, receipt, And return with a response, Administrative remedies, Denying And or restricting Exercise periods, with No Due Process, And for the most minute Accusations of infractions; Food And meals Are withheld or Altered As A punishment; purposefully Destroying video tape Evidence of the Acts Described herein, After being given proper Notice to preserve them; restricting telephone privileges without Due process, with the Express purpose of preventing contact with the public, And suppressing free speech; Routinely placing the plaintiff in "strip cells", As punishment without Due process; Refusing to Allow the plaintiff to receive mail; Refusing to Allow the plaintiff to receive periodicals in violation of the First, Fourth, Sixth And Eighth Amendments, And title 18 U.S.C. §§ 241, 242 And 4042.

7. On or About April 25, 2009, And continuing to Date, Defendants Lappin, Watts, Samuels, Kane, conspired to And Approved the plaintiff to be placed in Jeopardy twice, by placing the plaintiff into the smu for Alleged Disciplinary offenses for which the plaintiff had Already Served his Sanctions, And Further conspired to hold the plaintiff in smu As A Long-term punitive segre-gation Unit.

8. From on or About May 12, 2009, to on or About

JANUARY 11, 2010, DEFENDANTS LAPPIN, KANE, SAMUELS, BLEDSOE, REAR, HUDSON, GASS, AND YOUNG, FAILED to PROVIDE A LAW LIBRARY, OR THE EQUIVALENT, CAUSING THE PLAINTIFF to BE DENIED ACCESS to THE COURT, AND PREVENTING THE PLAINTIFF FROM TIMELY FILING A VALID CHALLENGE to HIS CRIMINAL SENTENCE.

9. ON OR ABOUT MAY 11, 2009, AND CONTINUING to DATE, DEFENDANTS LAPPIN, WATTS, KANE, SAMUELS, BLEDSOE, REAR, HUDSON, YOUNG, ADAMI, HOLLENBACH, TRATE, SNIDER, HEPNER, CARRASQUILLO, FLEMMING, HUNTER, MATTINGLY, JOHNSON, SEEBA, SCAMPONE, HEATH AND SASSAMAN, PLACED AND MAINTAIN THE PLAINTIFF IN IM- -MINENT RISK OF PHYSICAL INJURY AND DEATH BY FAILING to PROVIDE DURESS BUTTONS IN THE cells OF SMU, AND/OR SOME EQUIVALENT SIGNALING DEVICE, AND FAILING to ENSURE THAT cell RANGES WERE ROUTINELY PATROLLED, to INTERVENE IN IN-cell ALTERCATIONS AND SUICIDE ATTEMPTS, THUS FAILING to PROTECT IN VIOLATION OF THE EIGHTH AMENDMENT AND 18 U.S.C. § 4042.

11. BEGINNING ON OR ABOUT MAY 11, 2009, AND CON- -TINUING to DATE, DEFENDANTS LAPPIN, WATTS, KANE, SAMUELS, BLEDSOE, REAR, YOUNG, HUDSON, TRATE, SNIDER, ADAMI, HOLLENBACH, ROMANO, CUNNINGHAM, PERRIN, FOSNOT, OLENSHESKI, CHAMBERS, JORDAN, BITTENBENDER, CARRASQUILLO, HUNTER, MATTINGLY, JOHNSON, HEATH, PRUTZMAN

J. WAGNER, T. WAGNER, BIDDLE, HUMMEL, REED, SEAGRAVES, HORNBERGER, PFLUGER, AUGUSTO, DEENCE, ROTHERMEL, SPADE, TRIEBLEY, GILEE, FISHER CONSPIRED TO DENY THE PLAINTIFF ACCESS TO THE COURTS, BY DENYING HIM ACCESS TO HIS LEGAL MATERIALS, DESPITE BEING FULLY ADVISED OF THE EXPRESSED NEED FOR THE MATERIALS, BY THE COURTS, AND CONTINUE TO WITHHOLD THOSE MATERIALS TO DATE.

12. ON OR ABOUT DECEMBER 22, 2009, DEFENDANTS LAPPIN, KANE, AND SAMUELS, CONSPIRED TO HAVE THE PLAINTIFF KILLED, IN RETALIATION FOR FILING COMPLAINTS REGARDING THE SMU, AND ASSISTING OTHER INMATES IN FILING COMPLAINTS REGARDING THE SMU, BY ORDERING THE PLAINTIFF TO BE FORCED INTO A RECREATION CAGE WITH AN INMATE PLAINTIFF HAD PREVIOUSLY IDENTIFIED AS AN ENEMY. AS A RESULT, THE PLAINTIFF WAS ASSAULTED, AND SUFFERED CUTS, ABRASIONS AND A DISLOCATION OF HIS SHOULDER.

13. ON OR ABOUT JULY 1, 2010, DEFENDANTS LAPPIN, WATTS, KANE, SCHMIDT, SAMUELS, HUDSON, AND BITTENBENDER, CONSPIRED TO RETALIATE AGAINST THE PLAINTIFF, FOR FILING COMPLAINTS REGARDING THE SMU, BY FABRICATING AND PROCESSING AN INCIDENT REPORT AGAINST THE PLAINTIFF, CAUSING AN UNCONSTITUTIONAL LENGTHENING OF SENTENCE, AND DEPRIVATION OF RIGHTS WITHOUT DUE PROCESS

14. ON OR ABOUT JULY 8, 2010, DEFENDANTS LAPPIN,

-11-

KANE, SAMUEL, BLEDSOE, REAR, YOUNG, TRATE, SNIDER, PERRIN, BITTENBENDER, POTTER, HUNTER, POETH, MALAKUSKI, PRUTZMAN, REED, HORNEBERGER, DREESE, FISHER, FOURA, AND BALSPACH, CONSPIRED TO KILL THE PLAINTIFF, BY FORCING THE PLAINTIFF INTO A CELL WITH AN ENEMY IN- MATE, WHEN THE PLAINTIFF REFUSED THESE DEFENDANTS ASSAULTED THE PLAINTIFF AND PLACED HIM IN HARD RE- STRAINS, CAUSING THE PLAINTIFF TO SUFFER A SWOLLEN EYE, BROKEN NOSE, SPRAIN KNEE, CUTS TO HIS WRIST AND NERVE DAMAGE.

15. ON OR ABOUT JULY 8, -9, 2010, DEFENDANTS PIGOS, ZOOK PRSORIA, FABCIANA AND POTTER, REFUSED TO TREAT THE PLAINTIFF FOR THE INJURIES HE SUFFERED FROM BEING ASSAULTED ON OR ABOUT JULY 8, 2010, AND REFUSED TO RECORD THEM OR TAKE PICTURES OF THEM, AND WERE DELIBERATELY INDIFFERENT TO THE PLAINTIFFS SERIOUS MEDICAL NEEDS.

16. ON OR ABOUT JULY 13, 2010, DEFENDANTS BLEDSOE, HUDSON, TRATE, BITTENBENDER, HUMMEL, PFLUGER, AND CRAWFORD, CONSPIRED TO RETALIATE AGAINST THE PLAINTIFF, AND TO DE- -PRIVE PLAINTIFF OF PROPERTY, BY PLANTING CONTRABAND IN THE PLAINTIFF PROPERTY, AND FABRICATING AN INCIDENT REPORT AGAINST THE PLAINTIFF, FOR COMPLAING ABOUT THE CONDITIONS OF STAY, AND CAUSED THE PLAINTIFF AN UNCONSTITUTIONAL LENGTHENING OF SENTENCE, WITHOUT DUE PROCESS.

17. ON OR ABOUT OCTOBER 25, 2010, DEFENDANTS BLEDSOE, HOLLENBACH, GASS, TRATE, SEEBA AND ED-INGER, CONSPIRED TO RETALIATE AGAINST THE PLAINTIFF FOR FILING COMPLAINTS REGARDING THE SMU AND TO DE-PRIVE THE PLAINTIFF OF RIGHTS WITHOUT DUE PROCESS BY FABRICATING AN INCIDENT REPORT AGAINST THE PLAINTIFF AND CAUSING AN UNCONSTITUTIONAL LENGTHENING OF HIS SENTENCE, UNDUE HARDSHIP, AND MENTAL ANXIETY.

18. ON OR ABOUT AUGUST 8, 2010, DEFENDANTS BLEDSOE, REAR, MINK, CANNON, AND KARPEN AND COITER, CON-SPIRED TO RETALIATE AGAINST THE PLAINTIFF AND TO DENY THE PLAINTIFF MENTAL HEALTH TREATMENT, BY CHANGING AND REFUSING TO HONOR PLAINTIFFS AXIS 1 MENTAL HEALTH DIAGNOSIS, AND DID SO IN FURTHERANCE OF THE CONSPIRACY TO KEEP THE PLAINTIFF IN SMU, AND SUBJECT TO DISCIPLINARY ACTIONS.

19. ON OR ABOUT OCTOBER 15, 2010, DEFENDANTS LAPPIN, BLEDSOE, HUDSON, TRATE, SNIDER, SEEBA, FOWER, MALAKOSKI, GEMBERLING, CARRASQUILLO, PRUTZMAN, EDINGER, PUETH, JARGESON, FISHER AND BALGPACH, CON-SPIRED TO KILL THE PLAINTIFF, BY FORCING AN ENEMY INMATE INTO THE PLAINTIFF'S CELL, FOR A FORCED GLADIATOR MATCH AND WHEN THE PLAINTIFF REFUSED, THE DEFENDANTS ASSAULTED THE PLAINTIFF AND PLACED HIM IN HARD RE-STRAINTS, CAUSING THE PLAINTIFF TO SUFFER A MILD CONCUSSION, BACK INJURIES, A WRIST SPRAIN, AND INCREASED NERVE DAMAGE

20. On or about October 15, 2010, Defendants Pigos, Zook, Preoria, Fasciana and Potter, conspired to deny plaintiff medical treatment for the injuries suffered during the placement in restraints and assault, and refused to document plaintiffs injuries. Plaintiff was denied medical treatment by these Defendants, and deliberate indifference was shown to his serious mental needs.

21. On November 2, and November 8, 2011, Defendants Bledsoe, Hudson, Trate, Snider, Perrin, Fosnot, T. Wagner, Spade, Densheski, and Chambers, conspired to retaliate against the plaintiff and seized, and continue to withhold to date, several of the plaintiff's outgoing letters to the courts, family and friends, and violated plaintiff's free association and due process rights, and right to access the court.

22. On November 15, 2010, Defendants Lappin, Bledsoe, Young, Hudson, Bear, Trate, Chambers, Perrin, Heath, Ebinger, J. Wagner, Serba, Metzger, and Biddle, conspired to kill the plaintiff by forcing the plaintiff into a cell with an enemy. When the plaintiff refused the defendants retaliated by fabricating an incident report against the plaintiff causing a lost of liberty and unconstitutional lengthening of sentence.

23. On November 16, 2010, Defendants Lappin, Samuels,

KANE, PACKER SPADE, SASSAMAN, EBINGER TRATE, HUDSON, SNIDER, PERRIN AND HEATH, CONSPIRED TO KILL THE PLAINTIFF BY FORCING AN ENEMY INMATE INTO THE PLAINTIFF'S CELL, AND WHEN THE PLAINTIFF REFUSED, HE WAS ASSAULTED BY DEFENDANTS FOWLER, KING, J. WAGNER, BIDDLE PACKER, AND POTTER, HENTZELMAN AND JOHNSON, AND PLACED IN HARD RESTRAINTS, CAUSING THE PLAINTIFF TO SUFFER A FRACTURED ARM, WRIST, WAIST, AND KNEE INJURIES

24. ON NOVEMBER 16, 2010, DEFENDANTS PIGOS, COOK, POTTER, PREORIA AND FACIANA, REFUSED TO TREAT THE PLAINTIFF AND RECORD, THE INJURIES SUFFERED IN THE ASSAULT BY STAFF, AND WERE DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS AND CAUSED THE PLAINTIFF PAIN AND PROLONGED SUFFERING

25. ON JANUARY 3, 2011, DEFENDANTS LAPPIN, KANE, SAMUELS, BLEDSOE, YOUNG, HUDSON, TRATE, CHAMBERS, GEMBERLING, T. WAGNER, JORDAN, SASSAMAN, AND EBINGER, CONSPIRED TO KILL THE PLAINTIFF BY FORCING THE PLAINTIFF INTO A RECREATION CAGE WITH INMATE ENEMY, AND ORDERING THE PLAINTIFF AND INMATE ENEMY TO FIGHT, OR BE SHOT WITH MUNITIONS, WHEN THE PLAINTIFF REFUSED, HE WAS SHOT SEVERAL TIMES WITH PEPPER BALL GUNS, INCLUDING FIVE (5) SHOTS DIRECTLY INTO PLAINTIFF'S MOUTH, DESIGNED TO KILL HIM. AS A RESULT, PLAINTIFF HAD TO RECEIVE EMERGENCY TREATMENT AND RESUSCITATION, AND HAS

PERMENANT BREATHING PROBLEMS AND MEMORY LOSS, BRUISED RIBS, CUTS AND ABRASIONS.

27. ON JANUARY 4, 2011, DEFENDANTS PIGOS, POTTER, COOK, PREORIA AND FASCIANA, REFUSED TO DOCUMENT AND TREAT PLAINTIFF'S INJURIES FROM THE JANUARY 3rd ALTERCATION, AND WERE DELIBERATELY IN-DIFFERENT TO PLAINTIFF'S SERIOUS MEDICAL NEEDS

28. ON JANUARY 31, 2011 DEFENDANTS LAPPIN, KANE, SAMUELS, BLEDSOE, REAR, HUDSON, TRATE, SNIDER, PERRIN, HEATH, CHAMBERS, CARPENTER, AND CARRASQUILLO, CONSPIRED TO KILL THE PLAINTIFF, BY FORCING AN INMATE ENEMY INTO THE PLAINTIFF'S CELL, AND ORDERING THE PLAINTIFF TO FIGHT THE ENEMY, WHEN THE ENEMY REFUSED TO RE-ENTER THE CELL, DE FENDANTS ROTHERMEL, GEMBERLING, CARRASQUILLO, LYTLE, POETH, PRUNTZMAN, POTTER, AND HUNTER ASSAULTED THE PLAINTIFF AND PLACED HIM IN HARD RESTRAINTS, PLAINTIFF SUFFERED A SWOLLEN EYE, WAS CHOKED AND KICKED AND LOST CONSCIOUSNESS, AND HAS PERMENANT GROIN PAIN.

29. ON FEBRUARY 1, 2011, AND CONTINUING TO DATE, DEFENDANTS PIGOS, POTTER, COOK, PEORIA AND FASCIANA, REFUSED TO RECORD AND TREAT THE PLAINTIFF'S INJURIES OF JANUARY 31 AND WERE DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS

30. ON FEBRUARY 2, 2011 DEFENDANTS LAPPIN, KANE, SAMUELS, BLEDSOE, REAR, HUDSON, TRATE, SNIDER, HOLLENBACH, PERRIN, HEATH, CHAMBERS, CARPENTER

-16-

AND CARRASQUILLO, CONSPIRED TO HAVE THE PLAINTIFF
KILLED BY FORCING THE PLAINTIFF INTO A CELL WITH
AN ENEMY, WHEN THE PLAINTIFF REFUSED, DEFENDANTS
CARRASQUILLO, REAR, CONTI, MALAKOCK & LYTLE, HEINTZLE-
MAN CARPENTER, FISHER, AND POETH AND BALSPACH,
AND METZGER, ASSAULTED THE PLAINTIFF, AND
PLACED HIM IN HARD RESTRAINTS PLAINTIFF'S PRIOR
INJURIES WERE AGGRAVATED, AND WOUNDS REOPENED,
ADDITIONALLY, PLAINTIFF SUFFERED PERMENANT
NUMBING IN HIS HEAD, HANDS, AND FEET, FROM
THE RESTRAINTS, AND ASSAULT.

31. ON OF ABOUT FEBRUARY 3, 2011, AND CONTINUING
TO DATE, DEFENDANTS PIGOS, ZOOK, PEORIA, BASCIANA,
AND POTTER, CONSPIRED TO DENY THE PLAINTIFF
MEDICAL TREATMENT FOR THE INJURIES SUFFERED ON
ON FEBRUARY, 2 AND REFUSED TO DOCUMENT THE
PLAINTIFF'S INJURIES, AND TO TREAT THE PLAINTIFF
AND WERE DELIBERATELY INDIFFERENT TO THE PLAINTIFFS
SERIOUS MEDICAL NEEDS

32. ON JANUARY 21, 2011, DEFENDANTS KANE,
BLEDSOE, HUDSON, YOUNG, REAR, TRATE, SNIDER, PERRIN, DREESE,
FOGNOT, HEATH, CARPENTER, AND HUNTER, FORCED
THE PLAINTIFF INTO A CELL WITH AN ENEMY INMATE,
AND CONSPIRED TO HAVE THE PLAINTIFF KILLED AND
ASSAULTED BY THAT INMATE, PLAINTIFF AS A RESULT
SUFFERED A SWOLLEN EYE, BLOODY NOSE, AND WHEN
HE REFUSED TO CONTINUE FIGHTING THE ENEMY
INMATE, DEFENDANTS TRATE, PERRIN, GEMBERLING,
DREESE, HUNTER, SNIDER FOGNOT, AND HEATH, STOLE
ALL OF THE PLAINTIFF'S PERSONAL PROPERTY, AND

LEGAL MATERIALS, CAUSING THE PLAINTIFF TO MISS COURT HEADINGS, TO INCLUDE FOR THIS INSTANT ACTION, AND DENYING PLAINTIFF ACCESS TO THE COURTS, AND CONTINUE TO WITHHOLD CERTAIN PERSONAL PROPERTY TO DATE.

33. ON JANUARY 21, 2011, DEFENDANTS KANE, BLESSE, HUDSON, YOUNG, SAMUELS, REAR, TRATE, SNIDER, PERRIN, KOGAT, HEATH, CARPENTER, HUNTER, AND MAHONEY, CONSPIRED TO RETALIATE AND HAVE THE PLAINTIFF KILLED, FOR DISCONTINUING A FIGHT WITH AN ENEMY INMATE EARLIER THE SAME DAY, AND ATTEMPTED TO FORCE A SECOND ENEMY INMATE INTO THE PLAINTIFFS CELL, WHEN THE PLAINTIFF REFUSED, DEFENDANTS MAHONEY, POTTER, VARGESON, GEMBERLING, SEAGRAVES, REESE, ROTHERMEL, FISHER, DIEHL, FOURA, AND BALSPACH ASSAULTED THE PLAINTIFF AND PLACED HIM IN HARD RESTRAINTS, INCLUDING THE PLAINTIFFS NECK ARMS, WAIST, LEGS, AND FURTHERING THE DAMAGE TO THE PLAINTIFFS NERVES.

34. ON JANUARY 21 2011, DEFENDANTS BIGGS, POTTER, ZOOK, PREDDITA, FASCIANA, REFUSED TO TREAT AND RECORD THE PLAINTIFFS INJURIES SUFFERED IN THE FIGHT AND ASSAULT THAT DAY, AND WERE DELIBERATELY, INDIFFERENT TO THE PLAINTIFFS SERIOUS MEDICAL NEEDS.

35. ON FEBRUARY 22, 2011, DEFENDANTS BLESSOE, REAR, HOLLENBACH, YOUNG, METZGER, EBINGER, HUDSON, TRATE, CARPENTER, HUNTER, FLEMMING, CARRASQUILLO, MAHONEY, POEPM AND BIDDLE WERE NOTIFIED

THAT THE PLAINTIFF AND HIS CELLMATE WERE
NOT GETTING ALONG AND REQUESTED TO BE SEPERATED
BY THE PLAINTIFF AND INMATE MARCO ROBERTSON,
OVER A PERIOD OF DAYS. THESE DEFENDANTS REFUSED
TO SEPERATE THE PLAINTIFF AND ROBERTSON, AND
TOLD THEM THEY HAD TO FIGHT AND INJURE
ONE ANOTHER FIRST AND NOT ONLY WOULD THEY
BE SEPERATED THEY WOULD BE REWARDED, IF THEY
PUT ON A GOOD SHOW. AS A RESULT, ROBERTSON
ATTACKED THE PLAINTIFF, PLAINTIFF WAS CHOKED,
SUFFERED A BLOODY NOSE, SWOLLEN EYE, AND
BITE TO THE SHOULDER AND WAS SHOT BY
THE DEFENDANTS WITH CHEMICAL MUNITIONS,
BURNING THE PLAINTIFF AND CAUSING BREATHING PROBLEMS.

35. ON JUNE 30, 2010, DEFENDANT JEFFREY SCHMIDT,
TOUCHED, CARESSED AND STROKED THE PLAINTIFFS
PENIS VIGOROUSLY, WHILE PLAINTIFF WAS IN THE
SHOWER, UNWARRANTED. WHEN PLAINTIFF REPORTED
THIS TO THE PRISON OFFICIALS, SCHMIDT RETALIATED
IN VARIOUS WAYS, AS NOTED HEREIN. THE ACTIONS
OF SCHMIDT CONSTITUTE A SEXUAL ASSAULT

36. ON OR ABOUT JULY 2, 2010, DEFENDANTS
LAPPIN, KANE, SAMUELS, BLEDSOE, SCHMIDT, CHAMBERS,
BITTENBENDER, AND FOSNOT, CONSPIRED TO COVER-UP
SCHMIDTS SEXUAL ASSAULT OF THE PLAINTIFF, AND
TO RETALIATE AGAINST THE PLAINTIFF FOR COMING FORTH
WITH HIS COMPLAINT BY FABRICATING AND PROCESSING
INCIDENT REPORTS ON THE PLAINTIFF AND FORCING
THE PLAINTIFF INTO CELLS WITH ENEMIES, CAUSING
MULTIPLE INJURIES, AS DESCRIBED HEREIN

37. ON OR ABout July 11, 2010, DEFENDANTS REAR, BLEDSOE, HOLLENBACH, ELINGER AND GASS, CONSPIRED to DENY the PLAINTIFF ACCESS to the COURT, AND PREVENT the PLAINTIFF FROM FURTHER FILING COMPLAINTS REGARDING the SMU, BY SEIZING PLAINTIFFS LEGAL DOCUMENTS AND COMPLAINT FORMS, AND CONTINUING to WITHHOLD them to DATE

38. ON July 13, 2010 DEFENDANTS HUDSON, HUMMEL, CRAWFORD, TRATE, SNIDER PFLUGER, AND OLENSHECKI, CONSPIRED to RETALIATE AGAINST the PLAINTIFF FOR FILING COMPLAINTS AGAINST SMU, AND HELPING OTHER to FILE COMPLAINTS BY STEALING the PLAINTIFFS LAW AND EDUCATIONAL BOOKS, AND CONTINUING to WITHHOLD them to DATE, WITHOUT DUE PROCESS

39. ON OR ABout July 27, 2010, DEFENDANTS SNIDER, BLEDSOE, TRATE, HUDSON, AND GEMBERLING AND HEPNER, CONSPIRED to HAVE the PLAINTIFF KILLED, BY FORCING the PLAINTIFF INTO A RECREATION CAGE WITH TWO PREVIOUSLY IDENTIFIED ENEMY, INMATES CAUSING the PLAINTIFF to BE SEVERELY ASSAULTED, WHEN the PLAINTIFF REQUESTED A MEDICAL EXAM FOLLOWING THIS ASSAULT, THESE DEFENDANTS REFUSED to ALLOW HIM to BE EXAMINED BY MEDICAL STAFF, EVEN THOUGH the PLAINTIFF WAS BLEEDING FROM A HEAD ONE.

40. ON OR ABout July 10, 2010 DEFENDANTS SNIDER, BLEDSOE, PERRIN, FOSNOT, HEATH, GEMBERLING, KANE, ELINGER LAPPIN AND SAMUELS, SCAMPONE, CONSPIRED to HAVE the PLAINTIFF KILLED AND/OR BRUTALIZED

By forcing plaintiff into a cell with inmate Richard Daniels, after the plaintiff and Daniels notified them that they were enemies. As a result, plaintiff was assulted every day by Daniels, and had his food and property taken from him. Nearly daily, plaintiff reported to officals of the ongoing brutality and requested a cell movement, this was denied. plaintiff showed these defendants multiple injuries he was incurring, and the rapid weight loss, yet no action was taken. even Daniels informed these defendants and put in written request, to have the plaintiff moved which were denied. on september 3, 2020, after the plaintiff was choked into unconsciousness, he was finally moved however defendant Scampone gave a substantial portion of the plaintiff's personal property to Daniels. Defendants Bledsoe, Perrin and Heath and Gemberling, claimed that from that day forward that the plaintiff would be kept seperated from Daniels, however, on september 24, 2020, plaintiff forced into a recreation cage with Daniels, and assaulted again. The individual, and collective actions of these defendants, caused the plaintiff to suffer a fractured arm, leg, sprained wrists, multiple cuts and neck injuries, abrasions, fractured eye socket, loss of blood, mental and emotional duress and a lost of property.

41. on or about september 3, 2020, defendants, Bledsoe, Rear, Hudson, Ebinger, Hollenbach, Trate, Snyder,

YOUNG, SPADE, SCAMPONE, JOHNSON, HEATH, PERRIN, PROBST AND GEMBERLING, CONSPIRED TO HAVE THE PLAIN- -TIFF KILL AND/OR ASSAULTED, BY FORCING THE PLAIN- -TIFF INTO A CELL WITH INMATE RALPHELE LITTLE, AFTER THE PLAINTIFF AND LITTLE TOLD THEM THAT THEY WERE ENEMIES. PLAINTIFF WAS THEN SUBJECTED TO DAILY FIGHTS OR ASSAULTS BY LITTLE, NEARLY DAILY. THE ALTERCATIONS WERE REPORTED TO THESE DEFENDANTS WHO TOOK NO ACTION NEARLY DAILY. MEDICAL TREATMENT WAS REQUESTED, BUT DENIED.
    THIS EVENTS FINALLY CULMINATED ON SEPTEMBER 28, 2010, WHEN LITTLE ASSAULTED THE PLAINTIFF WHILE THE PLAINTIFF WAS WEARING HANDCUFFS, SHORTLY AFTER DEFENDANT YOUNG HAD STATED HE WANTED TO SEE THE PLAINTIFF ASSAULTED.
    DURING THIS PERIOD, THE PLAINTIFF SUFFERED A BROKEN NOSE, SWOLLEN EYE, BRUISED RIB AND LEGS CUTS, ABRASIONS, MENTAL ANGUISH AND ANXIETY.

    42. ON OR ABOUT SEPTEMBER 3, 2010, DEFENDANTS PIGOS, ZOOK, PEDORLA FASCIANA AND POTTER, REFUSED TO TREAT PLAINTIFF FOR HIS INJURIES RESULTING FROM BEING ASSAULTED. REFUSED TO RECORD PLAINTIFF'S INJURIES AND CONTINUES TO REFUSE TREATMENT TO DATE. THESE DEFENDANTS ARE DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS.

    43. ON OCTOBER 4, 2010, DEFENDANT SPADE ("RANDY") SEXUALLY ASSAULTED THE PLAINTIFF BY FONDLING THE PLAINTIFFS PENIS AND GENITALS, AND CLAIMED TO BE INFATUATED WITH THE SIZE

-22-

OF THE PLAINTIFFS ENDOWMENT. SPADE INFORMED
THE PLAINTIFF THAT HE WANTED to PERFORM ORAL
SEX ON THE PLAINTIFF, IN EXCHANGE FOR GRATUITES
SPADE THREATENED THE PLAINTIFF NOT to REPORT
HIM TO PRISON OFFICIALS; HOWEVER, PLAINTIFF
DID REPORT THE SEXUAL ASSAULT, AND SPADE
BEGAN to RETALIATE AS LISTED BELOW. PLAINTIFF SUFFERED
SCRATCHES ON HIS TESTICLES AND BROKEN SKIN ON HIS PENIS

44. ON OCTOBER 4, 2010, DEFENDANTS BLEDSOE,
SPADE, PACKER, HUDSON, CHAMBERS, HEATH,
PERRIN, TRATE, SNIDER, YOUNG, DREESE, SOTWON,
AND FOSNOT, CONSPIRED to RETALIATE AGAINST THE
PLAINTIFF FOR COMING FORTH, AND PURSUING HIS SEXUAL
ASSAULT COMPLAINT AGAINST SPADE. PLAINTIFFS RADIO,
HEADPHONES, ORTHOPEDIC SHOES, AND TWO (2)
PAIRS OF ATHLETIC SHORTS, WERE STOLEN FROM
THE PLAINTIFF, UNDER THE CONDITION THEY WOULD
BE RETURNED IF PLAINTIFF DID NOT PURSUE HIS
SEXUAL ASSAULT COMPLAINT. TO DATE, THE DE-
FENDANTS STILL HAVE, THE PLAINTIFFS PERSONAL
PROPERTY. AS A RESULT, PLAINTIFF SUFFERS CONSTANT
LEG AND HIP PAIN, RAPID JOINT DEGENERATION, PAIN
IN THE KNEE, ANCILLARY ROD AND SCREWS AREA OF
THE LEG, AND MISSED COURT DEADLINES FOR
VALID CHALLENGES TO HIS CRIMINAL SENTENCE,

45. ON OCTOBER 4, 2010, DEFENDANTS BLEDSOE,
SPADE, HUDSON, CHAMBERS, SEEBA, TRATE, PERRIN,
YOUNG, SNIDER, HEATH, T. WAGNER, J. WAGNER AND
FOSNOT, CONSPIRED to RETALIATE ON THE PLAINTIFF
FOR PURSUING HIS SEXUAL ASSAULT CLAIMS AGAINST
SPADE AND SCMIDT, AND FOR CONTINUING TO FILE

COMPLAINTS REGARDING SMITH BY FORCING AN ENEMY INMATE NAME WILLIAMS, #066, INTO THE PLAINTIFF'S CELL AND ORDERING HIM TO ASSAULT THE PLAINTIFF WHILE THE PLAINTIFF WAS WEARING HANDCUFFS. JUST PRIOR TO BEING FORCED INTO THE CELL BOTH THE PLAINTIFF AND WILLIAMS, TOLD THE DEFENDANTS THAT WE WERE ENEMIES. PLAINTIFF SUFFERED A LOST TOOTH, BUSTED UP, MULTIPLE ABRASIONS, AND CONTINUES TO HAVE NIGHTMARES TO DATE.

46. ON OR ABOUT NOVEMBER 15, 2010, DEFENDANTS LAPPIN, KANE, SAMUELS, BLEDSOE, MAY, HUDSON, SPADE, PERRIN, FOSNOT, HEATH, EDINGER, TRATE J., WAGNER, J. WAGNER, MATTINGLY, HUNTER, AND DREESE, CONSPIRED TO RETALIATE AGAINST THE PLAINTIFF FOR PURSUING HIS SEXUAL ASSAULT CLAIMS, AND FOR CONTINUING TO FILE COMPLAINTS REGARDING THE SMELL, AND FURTHER CONSPIRED TO COVER-UP THE SPADE SEXUAL ASSAULT, BY TAMPERING WITH, DESTROYING OR ALTERING VIDEO TAPE EVIDENCE, IN DIRECT VIOLATION OF A COURT ORDER, AND BY STEALING AND WITHHOLDING MORE OF THE PLAINTIFFS PERSONAL PROPERTY AS IF IN "RANSOM", I.E. TWO (2) LAW BOOKS, MULTIPLE PERSONAL HYGIENE ITEMS, FAMILY PHOTOGRAPHS, ETC. AND CONTINUE TO WITHHOLD THESE TO DATE, IN FURTHERANCE OF THE CONSPIRACY, THESE DEFENDANTS, ALONG WITH DEFENDANTS ROTHERMEL AND TRIEBLEY, ALTERED, COLLABORATED AND FALSIFIED REPORTS AND EVIDENCE RELATED TO THE SEXUAL ASSAULT.
ON OR ABOUT NOVEMBER 17, 2010, DEFENDANTS ROMANO AND CUNNINGHAM, JOINED IN THIS PART OF

the conspiracy, by refusing to accept and respond to plaintiff's validly submitted remedy complaint request, and actively dissuading the plaintiff, via threat and intimidation, from pursuing these claims.

47. Defendants Cannon, Karpen, Contri, Mink, Piros, Zook, Preoria, and Porter refused to document and treat the plaintiff for his sexual assault injuries, and the anxiety, depression and panic attacks that resulted therefrom, and were deliberately indifferent to the plaintiff's serious mental health and medical needs.

48. On or about September 16, 2011, Defendants Schultz, McCallum, Priftman, Argusto, Genkerling, Perrin, Young, Trate, Kane, Samuels, Kusnot, Breece T. Wagner and Johnson conspired to retaliate against the plaintiff for filing complaints regarding the SMU, and filing a failure to protect claim against McCallum for being too morbidly obese to make security checks and rounds, by confiscating all of the plaintiff's legal materials, and self admitting that the act was designed to breach attorney-client confidentiality, and deny access to the court. Further, the defendants took all of plaintiff's personal family photographs, and addresses, for the express purpose of breaking off close family ties, and continues to withhold them to date, under the threat of destruction,

IF PLAINTIFF PURSUE THESE INSTANT CLAIMS

49. ON OR ABOUT SEPTEMBER 26, 2011, DEFENDANT BLEDSOE, ADAMI, HUDSON, YOUNG, PERRIN, HEATH, DRUESE, T. WAGNER, FOSNOT, SNIDER, AND TRATE, CONSPIRED TO DENY THE PLAINTIFF ACCESS TO THE COURT, BY CONFISCATING AND WITHHOLDING ALL OF THE PLAINTIFF'S LEGAL MAIL AND AFFA- DAVITS FROM WITNESSES, OF THE ATROSTIES, AND CONSTITUTIONAL RIGHTS VIOLATIONS DESCRIBED HEREIN, THAT PLAINTIFF HAS COLLECTED SINCE SEPTEMBER 16, 2011, INCIDENT.

50. ON OR ABOUT SEPTEMBER 24, 2011, DEFENDANTS KANE, SAMUELS, WATTS, BLEDSOE, REAR, HUDSON, YOUNG, TRATE, SNIDER, PERRIN, JOHNSON, FOSNOT, ADAMI AND HEATH, AND GHEE, PLACED THE PLAIN- TIFF IN ISOLATION, INCOMMUNICADO, AND MAINTAIN THE PLAINTIFF IN THIS MANNER TO DATE SPECIFI- CALLY, PLAINTIFF WAS NOT ALLOWED TO COMMUNICATE WITH ANY OTHER PERSON, AND EVEN HAD TO SMUGGLE HIS LEGAL DOCUMENTS OUT OF THE PRISON, INDEED THE FIRST AMENDED COMPLAINT, AND SUPPLEMENT TO THAT COMPLAINT, IN THIS INSTANT ACTION, WERE CONFISCATED BY THE DEFENDANTS, AND NOT ALLOWED TO BE FILED WITH THE COURT[2] DURING THIS ISOLATED PERIOD, THE PLAINTIFF WAS NOT ALLOWED ANY OUT OF CELL RECREATION, VISITS, OR MAIL OR

[2] IT APPEARS THAT THE SECOND SUPPLEMENT DID MAKE IT TO THE COURT, HOWEVER, SINCE THE AMENDED COMPLAINT DID NOT, THE SUPPLEMENT WAS UNINTELLIGIBLE.

telephone calls, a punishment that was
cruel and unusual.

51. At the time the plaintiff was referred
to the SMU, plaintiff had been in the BOP
approximately twenty (20) years, and had
only been in one fight (while in the special
Housing Unit (SHU)) and had never left a
general population of prison for an incident
report (I/R). Indeed, plaintiff's I/R's generally
happen after SHU placement, just as all of
plaintiff's fights and drama, were after SMU
placement, despite this on or about November
16, 2011 Defendants' Kane, Samuels, Bledsoe,
Mink, Young, Hudson, Rear, Trate, Perrin
and Heath, conspired to retaliate against
the plaintiff for pursuing his complaints,
by planning to transfer the plaintiff to
the supermax facility in Florence, Colorado
and/or, the supermax communication
management unit (CMU) at Marion, Illinois, or
Terre Haute, Indiana

52. On or about March 2, 2011, Defendants
Lappin, Kane, Watts, Samuels, May, Bledsoe
Young, Rear, Hudson, Trate, Snider, Chambers,
Jordan, Perrin, Heath and Fosnot, conspired
to obstruct justice in this instant case, by,
altering, or destroying video tapes, and
other tangible evidence in their possession,
that they had been given notice to, and
were under court order to, preserve, and

- 27 -

DID SO WITH THE EXPRESS intent to deny Access to the court.

53. On or About October 26, 2011, Defendants, Bledsoe, Rear, Adami, Romano Lyons, AND cewing Heam, conspired to retaliate Against the plaintiff, for filing his complaints Against smu, By forcing liens Against the plaintiff without Authority or due process.

54. On or About February 26, 2011 Defendant Lappin, went to the home of two (2) of the plaintiff's relatives, and made terroristic threats in retaliation for this instant Action AND plaintiff's complaints regarding the smu, AND the plaintiff helping other inmates file complaints (see Attachments "A" AND "B", hereto).

55. On or About, July 9, 2010, Defendants Rear, Bledsoe, Hudson, Hollenbach, Edinger, Gemberling, Heath, Snider, Perrin, Carrasquillo, Scampone, Young AND Fosnot, conspired to have the plaintiff killed, By forcing an inmate member of the Serrano's gang into the bed with the plaintiff while the plaintiff was wearing restraints, As A result, the plaintiff was Assaulted in front of officer M. Hess, and suffered multiple injuries from being head Butted, etc, these Defendants knew and should have known, that Serrano's AND African-Americans never cell together, without An Altercation, AND Are enemies.

56, on or about July 8, 2020, October 15, 2020, November 16, 2020, January 21, 2011, January 31, 2011 and February 3, 2011 Defendants Lappin, Kane, Samuels, Bledsoe, Young, Trate, Hudson, Rear, Snider, Hepner, Carrasouillo, Flemming, Hunter, Mattively, Johnson, Seeba, Heath, Scampone, Sassaman, Prutzman, Wagner, Spade, Biddle, Poeth, Malakoski, Jargeson, Gemberling, Argueto, Packer, Rothermel, Lytle, Fistler, Dilt, Balgpach, Fourk, King and Heintzelman, placed the plaintiff in the bed with another inmate while wearing restraints, with the specific intent that they share the same bed for a minimum of forty-eight (48) hours; and applied hard restraints (e.g. handcuffs with blackbox, martin waist chain, and leg irons) extremely tight so as to purposefully cause torture, and permanent scarring; and would not remove or loosen the restraints, for restroom use or eating, forcing the plaintiff to urinate and deficate on himself. Defendant May joined this conspiracy to deprive rights and torture, when it was reported to him in his official capacity, by the plaintiff, and multiple inmates and staff and he failed to act, offering instead to simply "order an extra hamburger." The actions of these defendants were cruel and unusual punishment, without due process.

57. ON OR ABOUT NOVEMBER 19, 2008, DEFENDANTS LAPPIN, KANE, WATTS, SAMUELS, BLEDSOE, AND REAR, CONSPIRED TO DEPRIVE THE PLAINTIFF'S RIGHTS, BY PURPOSEFULLY AND WILLFULLY PUTTING SMU IN THE OLDEST, MOST INADEQUATE FACILITIES WITHIN THE BOP, I.E. THE UNITED STATES PENITENTIARY, LEWISBURG, PA (USP-LEW) IS STRUCTURALLY UNSOUND, WITH WHOLE SECTIONS OF BRICK AND MORTAR COLLAPSING, LARGE SINK HOLES THROUGHOUT THE COMPOUND, MOLD THROUGHOUT THE FACILITY, INADEQUATE HEATING AND VENTILATION, INOPERABLE WINDOWS; LEAKS IN THE WALLS AND CEILINGS THAT CAUSE FLOODING; INFESTATION OF RATS AND ROACHES; THESE CONDITIONS INDIVIDUALLY AND COLLECTIVELY, CAUSED THE PLAINTIFF TO SUFFER CRUEL AND UNUSUAL PUNISHMENT, THESE DEFENDANTS HAVE SELF ADMITTED THAT UNDER STATE AND UNION COUNTY, PA BUILDING CODE REGULATIONS, USP-LEW, WOULD HAVE BEEN CONDEMNED, HOWEVER AS A FEDERAL AGENCY, THEY ARE GRANTED EXEMPTIONS AND EXTENSIONS TO KEEP THE BUILDING OPEN, DESPITE THE EXCESSIVE COST TO THE TAX PAYERS TO OPERATE SUCH OLD FACILITIES.

58. ON OR ABOUT MAY 14, 2009, DEFENDANTS KANE, SAMUELS, LAPPIN, WATTS, BLEDSOE, MAY, HUDSON, REAR, YOUNG, CONSPIRED TO DECREASE PLAINTIFF'S CHANCES FOR PAROLE AND INCREASE PLAINTIFF'S DISCIPLINARY HISTORY, BY PLACING PLAINTIFF IN IMMINENT DANGER OF SERIOUS RISK OF HARM, IN THE SMU, AND CONTINUING TO DATE, AFTER BEING ABUSED OF THE CONTRACT ON THE PLAINTIFF'S LIFE.

III.   RELIEF SOUGHT

1. PLAINTIFF SEEKS A TRIAL BY JURY;

-30-

2. PLAINTIFF SEEKS AN INJUNCTION TO BAR THE DEFENDANTS FROM OPERATING SMU.

3. PLAINTIFF SEEKS AN INJUNCTION TO BAR THE DEFENDANTS FROM PLACING PLAINTIFF IN SMU FOR DISCIPLINARY INCIDENTS WHICH PLAINTIFF HAS ALREADY COMPLETED SANCTIONS ON;

4. PLAINTIFF SEEKS AN INJUNCTION TO BAR THE DEFENDANTS FROM CONTINUOUSLY PLACING THE PLAINTIFF AT RISK OF SERIOUS HARM OR DEATH;

5. PLAINTIFF SEEKS AN INJUNCTION TO BAR THE DEFENDANTS FROM HOUSING OR OPERATING USP-LEWISBURG; AND THE RETURN OF HIS LETTERS AND DOCUMENTS;

6. PLAINTIFF SEEKS AN IMMEDIATE PROTECTIVE ORDER TO BAR THE DEFENDANTS FROM FORCING THE PLAINTIFF TO HAVE CONTACT WITH ANYONE HE HAS IDENTIFIED AS AN ENEMY; AND CIVIL COMMITMENT FOR THE DEFENDANTS.

7. PLAINTIFF SEEKS A RESTRAINING ORDER, TO BAR ANY CONTACT WHAT-SO-EVER, WITH RANDI LEE SPADE AND JEFFREY SCHMIDT;

8. PLAINTIFF SEEKS ONE MILLION DOLLARS ($1,000,000.00) IN PUNITIVE DAMAGES FROM EACH DEFENDANT;

9. PLAINTIFF SEEKS SEVENTY-THREE THOUSAND, EIGHT HUNDRED AND FORTY-THREE DOLLARS ($73,843.00) IN COMPENSARY DAMAGES;

10. PLAINTIFF SEEKS A DECLARATORY JUDGMENT THAT THE DEFENDANTS VIOLATED HIS CONSTITUTIONAL AND STATUTORILY PROTECTED RIGHTS;

11. PLAINTIFF SEEKS ANY AND ALL OTHER RELIEF AS HE MAY BE ENTITLED TO BY LAW, WITH COURT COST AND FEES ASSESSED TO THE DEFENDANTS

I DECLARE UNDER THE PENALTY OF PERJURY THAT

THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF
MY ABILITY AND KNOWLEDGE,

DATE: 12-25-20          RESPECTFULLY SUBMITTED,
                        Wallace Mitchell
                        WALLACE MITCHELL
                        #31443.060
                        P. O. BOX 7000
                        FLORENCE, CC 81226.7000

-32-

CLERK OF COURT                    22 DEC 20
U.S. DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
P.O. BOX 1148
SCRANTON, PA 18501


RE: NEW COMPLAINT
     MITCHELL V. LAPPIN, et al.,



DEAR CLERK:
     PLEASE FIND ENCLOSED A CHECK FOR
$350.00, FOR THE FILING FEE, AND A
CIVIL COMPLAINT, PURSUANT TO 28 U.S.C.
1331. PLEASE RETURN ACKNOWLEDGMENT OF
RECEIPT. THANK YOU.                ← CHECK RETURNED.
                                   - SHOULD BE $402.
                                     ← ƐP

Respectfully submitted,
Wallace Mitchell
WALLACE MITCHELL
#51443,060
P.O. BOX 7000
FLORENCE, CO 81226.7000



ENCL.

WALLACE MITCHELL
#51443 CEC
P.O. BOX 7000
FLORENCE, CO 81226.7000

SPECIAL - LEGAL - MAIL

PER

RECEIVED
SCRANTON

JAN 28 2021

DEPUTY CLERK

CLERK OF COURT
U.S. DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
P.O. BOX 1148
SCRANTON, PA 15501 · 1148

