# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALLACE MITCHELL,** | : | CIVIL ACTION NO. 1:21-CV-163 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **HARRY LAPPIN,** *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Wallace Mitchell, a prisoner presently confined at the United States Penitentiary at Florence in Florence, Colorado, initiated the instant civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), regarding various incidents which occurred while he was incarcerated at the United States Penitentiary at Lewisburg in Lewisburg, Pennsylvania. (Doc. 1). Plaintiff's complaint is 32 pages long and names 78 defendants including various Federal Bureau of Prisons officials, staff members at USP Lewisburg, and "All of USP Lewisburg." (See id. at 1-5). An initial screening of the complaint has been conducted and, for the reasons set forth below, the court will dismiss the complaint with prejudice as untimely.

## I. Screening Provisions of the Prison Litigation Reform Act

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental

employee or entity. See 28 U.S.C. § 1915(e)(2)[1]; 28 U.S.C. § 1915A.[2] The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

## II. Allegations in the Complaint

In the complaint, plaintiff details various actions and incidents that occurred while he was incarcerated at USP Lewisburg. He includes the relevant dates for each incident, and they span from April 23, 2009, when plaintiff was placed in the special management unit ("SMU"), to November 8, 2011, when certain defendants allegedly seized and withheld some of plaintiff's outgoing mail to the courts. (Doc. 1 at 6, 14). Plaintiff complains about his housing assignment, a lack of law library,

---

[1] Section 1915(e)(2) of title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Section 1915A(b) of title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

2

lack of access to his legal materials, retaliation, fabricated incident reports, lack of medical treatment, excessive force, confiscation of personal property, destruction of evidence, retaliatory transfer, terroristic threats against plaintiff's relatives, and conspiracy to kill plaintiff. (See generally id. at 5-30.)

Plaintiff previously raised the majority of these claims in a prior civil action filed in 2009, which he filed under the last name "Deen-Mitchell." See Deen-Mitchell v. Lappin, No. 11-CV-1902, Doc. 1 (M.D. Pa.) (filed Nov. 4, 2009). In that action, plaintiff filed an amended complaint on May 7, 2012. Id., Doc. 94. His leave to proceed *in forma pauperis*, however, was eventually revoked due to plaintiff having incurred three strikes under 28 U.S.C. § 1915(g). See id., Docs. 145 (memorandum), 146 (order). Plaintiff was directed to pay the full filing fee within 30 days of that order. Id., Doc. 146. Despite many delays and purported excuses by plaintiff, he had not paid the filing fee by 2020, and the court ultimately dismissed the action. Id., Doc. 207 at 2. Shortly thereafter, plaintiff filed a motion to reopen the case, which the court denied on August 21, 2020. Id., Doc. 217 at 3. No appeal followed.

### III. Discussion

The court has reviewed the complaint and must dismiss it as time barred. Although the statute of limitations is an affirmative defense, the court may *sua sponte* consider it if it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations. See Jones v. Block, 549 U.S. 199, 215 (2007). The statute of limitations for a Bivens claim is governed by that state's statute of limitations for personal injury claims. See Dique v. N.J. State Police, 603, F.3d 181,

185 (3d Cir. 2010). Plaintiff complains of incidents that occurred at USP Lewisburg, which is located in the Commonwealth of Pennsylvania, where the applicable statute of limitations for personal injury actions is two years. See 42 PA. CONS. STAT. § 5524(2).

A cause of action accrues and thus the statute of limitations starts to run "'when the plaintiff knew or should have known of the injury upon which [the] action is based.'" Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (citations omitted). All the actions of which plaintiff complains would have had obvious and immediate consequences to plaintiff; they are not the sort to create a latent injury that is only discoverable at a later date. His claims thus accrued when the actions of which he complains occurred, *i.e.* between 2009 and 2011.

The court notes that plaintiff complains of his continuous placement in the SMU while he was incarcerated at USP Lewisburg. It would thus be appropriate for the court to consider whether the continuing wrong doctrine applies, which could render that claim timely. Under the continuing wrong doctrine, "a federal cause of action based upon the defendant's continuing conduct is timely provided that the last act of that continuing conduct is within the period for the commencement of an action specified by the statute of limitations." Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). The last act of which plaintiff complains, however, occurred in 2011; this doctrine cannot help plaintiff.

Plaintiff's prior action filed in 2009 provides no safe harbor from the expiration of the statute of limitations. The United States Court of Appeals for the Third Circuit has explained the ramifications of dismissal without prejudice of a

4

prior action on time-barred claims that are then raised in a subsequent action in Ahmed v. Dragovich, 297 F.3d 210, 207 (3d Cir. 2002), and in Brennan v. Kulick, 407 F.3d 603 (3d Cir. 2005):

> Ordinarily, an order dismissing a complaint without prejudice is not a final and appealable order. This principle, however, does not apply if the statute of limitations has run by the time the court orders dismissal without prejudice. A "statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice," as "the original complaint is treated as if it never existed." Therefore, the dismissal of a complaint without prejudice after the statute of limitations has run forecloses the plaintiff's ability to remedy the deficiency underlying the dismissal and refile the complaint. In these circumstances, the order dismissing the complaint without prejudice is considered a final and appealable order.

Brennan, 407 F.3d at 606 (internal citations to Ahmed, 297 F.3d 201, and Cardio-Med. Assocs. v. Crozer-Chester Med. Ctr., 721 F.2d 68 (3d Cir. 1983), omitted).

The rule in Ahmed and reiterated in Brennan applies to the instant matter. In Mitchell's prior action—filed in 2009 and amended in 2012—the statute of limitations expired at the latest in 2014. This prior civil action was dismissed on February 6, 2020, because plaintiff failed to pay the filing fee over the course of approximately six years. Deen-Mitchell, No. 11-CV-1902, Doc. 207 at 2. Plaintiff's subsequent motion to reopen the case was denied on August 21, 2020. Id., Doc. 217 at 3. The dismissal of Mitchell's prior complaint after expiration of the statute of limitations forecloses plaintiff's ability to remedy the deficiency underlying the dismissal by filing the instant complaint. See Brennan, 407 F.3d at 606. Plaintiff's claims remain time barred, and he is foreclosed from bringing them in this action.

5

## IV. Leave to Amend

The court recognizes that sufficiency of this *pro se* pleading must be construed liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89 (2007). The federal rules also allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). In the instant matter, however, plaintiff's claims are quite clearly time barred, and, therefore, leave to amend would be futile.

## V. Conclusion

The court finds that plaintiff has failed to state a claim upon which relief may be granted because all of his claims are time barred. The complaint will be dismissed with prejudice.

An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: May 7, 2021